UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| BRIAN KEITH ALFORD, | ) | CASE NO.  4:09 CV0153 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |


Pro se petitioner Brian Keith Alford filed the above-captioned petition pursuant to

28 U.S.C. § 2241.  Mr. Alford, who is incarcerated at the Federal Correctional Institution in Elkton,

Ohio, filed this action against F.C.I. Elkton Warden J. T. Shartle.  He claims he is actually innocent

of the crime for which he was convicted and seeks an order vacating his conviction and entitling him

to immediate release.

*Background*

On July 11, 2000, Mr.  Alford was indicted in the United States District Court for the

Southern District of Ohio.  United States v.  Alford, No. 3:00-cr-00065 (S.D. Ohio July 11,  2000).

The three count indictment charged him with armed robbery, as well as use and possession of a

firearm.

On February 28, 2002, a jury returned guilty verdicts on Counts 1 and 2 of the

indictment.   The charge of being a felon in possession of a firearm was dismissed on the

Government's motion, having been previously bifurcated for trial.  The court sentenced Mr. Alford

on December 12, 2002 to sixty months on Count 1 (armed bank robbery) and eighty-four months

on Count 2 (use of a firearm), to be served consecutively.   Petitioner appealed to the Court of

Appeals for the Sixth Circuit, which affirmed the district court's judgment. United States v. Alford,

2004 WL 2711027 (6th Cir. Nov. 29, 2004). The Supreme Court subsequently denied certiorari.

Alford v. United States, 544 U.S. 912 (2005).

        A motion to vacate or set aside sentence was filed by Mr.  Alford in the Southern

District Court of Ohio.  He raised four grounds for relief: (1)Ground One: Attorneys for the

government prevented the grand jury from being informed and independent by suppressing

evidence; (2)Ground Two: The District Court violated 29 U.S.C. § 455 A & B by committing fraud

upon the court, suborning prosecutorial misconduct, ethics violations, judicial abuse, effective

assistance of counsel, equal protection, due process; (3) Ground Three: The United States

Government violated Petitioner's Fifth and Sixth Amendment rights by failing to establish subject

matter and exclusive jurisdiction; and, (4) Ground Four: The United States Government violated

Petitioner's Fifth Amendment right to be free from double jeopardy. United States v. Alford, Slip

Copy, 2008 WL 299060 (S.D. Ohio, Feb. 1, 2008).  The court denied the motion on February 1,

2008.

        Mr. Alford now argues his detention is illegal based on the district court's lack of

jurisdiction, and because he is "actually innocent."  His 73 page petition is comprised of numerous

habeas corpus case references that have been filed in federal courts over the years.  The remaining

one percent of the petition reveals a few conclusory statements declaring petitioner's innocence and

the district court's failure "to establish [an] interstate nexus for jurisdiction and essential elements of the offense charged."  (Pet. at 50.)

## *28 U.S.C. § 2241*

A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi, 135 F.3d at 1123.

Here, Mr.  Alford challenged his conviction and applied for relief from the sentencing court, which denied his request.  In order to proceed with a § 2241 petition in this court, he needs to successfully argue that the remedy by § 2255 motion is inadequate or ineffective to test the legality of his detention.

Mr.  Alford has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, or because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Alford had the opportunity to raise his claim in his original § 2255 motion to vacate. Barnes v. Booker, No. 03-6625, 2004 WL 2320318,

at *1 (6th Cir. Sept. 21, 2004).

To the extent he is asserting "actual innocence," it is not enough to state prosecutorial error to sustain such a claim. On the direct appeal of the petitioner's conviction, the Sixth Circuit concluded: "[A]ll of the evidence, with the possible exception of the recovery of the robber's bag, could be tied to Alford even without the help of Jones's prior statement." Alford v. United States, No. 03-3014, 2004 WL 2711027, at *2 (unplub. opinion). It is proper for a federal court in a post-conviction proceeding to rely on the factual conclusions given on direct appeal. Myers v. United States, 198 F.3d 615, 619 (6th Cir.1999).  Petitioner has made no showing that he can challenge any of the violations constituting the bank robbery charge. See 21 U.S.C. § 848(c)(2). At most he argues legal insufficiency, not the factual innocence necessary to raise a § 2241 claim under § 2255's savings clause. See Charles, 180 F.3d at 757.

The court declines to recharacterize this action as a motion to vacate pursuant to 28 U.S.C. § 2255.  The Sixth Circuit has held that, with regard to pro se litigants in particular,

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a recharacterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2d Cir.1998)).

*Conclusion*

Based on the foregoing, the petition for writ of habeas corpus is dismissed pursuant

to 28 U.S.C. § 2243.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 5/27/09
PETER C.  ECONOMUS
UNITED STATES DISTRICT JUDGE